**Joseph BOUDREAU**

v.

**TOWN OF PRINCETON.**

*Supreme Judicial Court of Maine.*

Argued April 27, 1992.

Decided July 21, 1992.

---

Francis J. Hallissey (orally), Machias, for plaintiff.

Kristin A. Gustafson (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

In October 1988 the Town of Princeton (Town) invited bids from independent contractors to snowplow and sand the Town's roads for a three-year period. At a meeting of the selectmen on November 1, 1988, the bid of the plaintiff, Joseph Boudreau, was accepted. Boudreau had done similar work for the Town over several decades. Boudreau and the Town Manager subsequently signed an agreement providing, *inter alia,* for the payment of $38,140 a year to Boudreau for a period of three years, based on Boudreau's bid to each year plow and sand 19.07 miles of Town roads at $2,000 a mile.

The first year of the agreement passed uneventfully. In August 1989, the Town Manager notified Boudreau that the Town was cancelling its agreement. The Town Manager stated that "[t]he reason for our cancelling the contract is that the contract is void because the Town did not have the authority to enter into a multi-year contract." Boudreau filed the present complaint in the Superior Court seeking damages from the Town on either a breach of contract or estoppel theory. The Superior Court (Washington County, *Alexander, J.*) granted the Town's motion for a summary judgment on Boudreau's breach of contract claim in Count I on the ground that the Town had only been authorized to enter into a one-year contract. The court directed that the trial of Boudreau's estoppel claim in Count II then be scheduled for a non-jury determination. After a bench trial before the Superior Court (*Beaulieu, J.*) a judgment was entered for the Town on this claim.

We conclude from the record in this case that there are genuine issues as to material facts presented on Boudreau's contract claim and that the Town was not entitled to a summary judgment as a matter of law and vacate the summary judgment on Count I of the complaint. Because we believe that the court's determination of Boudreau's estoppel claim may have been affected by its prior ruling on the Town's motion for a summary judgment, we also vacate the judgment for the Town on Count II of the complaint.

In granting the Town's motion for a summary judgment, the court stated:

[B]ased on my review of the matter, I think the law is that the Town can't be bound ... by contracts that are beyond the authority that the governing body, in this case, the Town meeting, had granted. I don't construe the Town meeting article authorizing snow plowing as an authorization for an open-ended contract for three years, five years, or 10 years, or whatever, it's limited by the appropriation clearly for one year....

The authorization which the court was construing was granted at a special Town meeting on April 11, 1988, when the inhabitants of Princeton voted in favor of Article 37 of a warrant:

To see if the Town will vote to authorize the Board of Selectmen to select a con-

tractor/contractors to perform whatever duties they may deem necessary.

On June 20, 1988, there was a favorable vote for the expenditure of $41,035 for snow removal and sanding of town roads on Article 13 of a warrant:

> To see if the Town will vote to appropriate the sum of $41,035 out of undesignated surplus for snow removal and sanding town roads.

The court evidently assumed that because the approved appropriation was only sufficient to cover plowing and sanding costs for one year the Town could not be bound contractually beyond that one-year period.[1]

We agree with Boudreau that the April 1988 warrant was sufficiently broad to authorize the Town to enter into a multi-year agreement. We further agree that the existence of a single, one-year appropriation does not, as a matter of law, limit a town to a single-year contract. As the Supreme Judicial Court of Massachusetts has stated,

> [w]hen the law authorizes the making of a contract for the performance of constantly recurring duties to run for more than one year, such a charter provision does not mean that the entire sum to be paid at regular intervals during several years must be appropriated at the start.

*Clarke v. Fall River*, 219 Mass. 580, 586, 107 N.E. 419 (1914). We, of course, do not hold that a town's contractual freedom cannot be limited; we simply hold it cannot be said as a matter of law that the voters' approval of the Articles here at issue prevented the Town of Princeton from entering into an agreement providing for the snowplowing and sanding of its roads for a period in excess of one year.

The entry is:

Judgments vacated; remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**1.** The Town did not question the Town Manager's authority to execute a contract on its behalf. On appeal the issue remains solely whether the

Articles adopted at the town meeting authorized a multi-year plowing contract.